**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Louis A. Smith and John Murphy, as Trustees of the Walter E. Auch, Sr. Trust dated August 12, 1985,<br><br>    Plaintiffs,<br><br>v.<br><br>Richard E. Lurie,<br><br>    Defendant. | Civil No. 09-3513 (DWF/SER)<br><br><br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

Andrew M. Luger, Esq., Bethany D. Krueger, Esq., and Samuel J. Clark, Esq., Greene Espel PLLP, counsel for Plaintiffs.

Gerald T. Laurie, Esq., and Ian S. Laurie, Esq., Laurie & Laurie, PA, counsel for Defendant.

**INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion to Amend the Complaint to Eliminate Counts I-III & V-XI (Doc. No. 91) and Defendant's Request for Permission to File a Motion for Reconsideration of the Partial Summary Judgment Order Pursuant to Local Rule 7.1(h) (Doc. No. 106). For the reasons set forth below, the Court grants in part and denies in part Plaintiffs' motion to amend and denies Defendant's request to file a motion for reconsideration.

## BACKGROUND

Walter E. Auch, Sr. initiated this action against Richard E. Lurie ("Defendant") on December 9, 2009 and asserted claims including fraud, misrepresentation, breach of fiduciary duties, and civil conversion. Following Mr. Auch's death, the Court substituted Louis A. Smith and John Murphy ("Plaintiffs") as Trustees of the Walter E. Auch, Sr. Trust dated August 12, 1985. (Doc. No. 87.) On May 10, 2011, this Court granted partial summary judgment in favor of Plaintiffs on their civil conversion claim (Count IV). (Doc. No. 90.) In that Order, the Court concluded that Plaintiffs are entitled to summary judgment on their conversion claim, except to the extent that claim relates to Crown Bank loan proceeds. (*Id.*) The facts surrounding the partial summary judgment motion are clearly set forth in this Court's May 10, 2011 Order. (*Id.*)

Defendant has now requested leave to file a motion for reconsideration of the Court's partial summary judgment order, and Plaintiffs have moved to amend their complaint so as to dismiss their remaining claims: Counts I through III and Counts V through XI.

## DISCUSSION

**I.     Motion to Amend**

As a threshold matter, the Court concludes that Plaintiffs' motion is properly before the Court as a motion to amend, as opposed to a motion for voluntary dismissal pursuant Rule 41(a)(2), with respect to their request for partial dismissal of the complaint. While the Court notes that similar requests for partial dismissal are often fashioned by plaintiffs—properly or improperly—as motions for partial dismissal pursuant to

2

Rule 41(a)(2) (and, more often, as stipulations by the parties pursuant to Rule 41(a)(1)(A)(ii)), the Eighth Circuit has characterized the differences between Rules 15(a) and 41(a)(2) as "more technical than substantial." *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870 (8th Cir. 1977), cert. denied 434 U.S. 968 (1977); *see Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966) ("[I]t may not be material whether the court acts under Rule 15(a) which relates to amendments . . . or Rule 41(a)(2)."); *see also Graco, Inc. v. Techtronic Indus. N. Am., Inc.*, Civil No. 09-1757, 2010 WL 915213 at *3 (D. Minn. Mar. 9, 2010).

Although leave to amend is typically granted liberally under Rule 15(a) of the Federal Rules of Civil Procedure, different considerations apply when a party seeks amendment beyond the deadline set in a pretrial scheduling order. "When a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), not the more liberal standard of Fed. R. Civ. P. 15(a), governs and requires the party to show good cause to modify the schedule." *Morrison Enters., LLC v. Dravo Corp.,* 638 F.3d 594, 610 (8th Cir. 2011). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008)).

The deadline to amend pleadings in this case passed on June 1, 2010. (Doc. No. 63.) Plaintiffs filed the instant motion on June 17, 2011. (Doc. No. 91.) Plaintiffs' motion is, therefore, untimely, and Plaintiffs must make a sufficient showing of good cause to be permitted to amend their complaint.

3

The Court concludes that it would be to elevate form over substance to preclude the dismissal of the remaining counts of Plaintiffs' complaint simply because the amended pleadings deadline has passed. Consequently, dismissal of Counts I through III and Counts V through XI is proper.

The Court finds, however, with respect to the proposed amendments to their factual allegations, Plaintiffs have failed to demonstrate the good cause necessary to amend at this late stage of the proceedings. The Court thus denies the motion to the extent Plaintiffs seek to alter any of the factual allegations of the complaint.

## II. Request for Reconsideration

Also before the Court is Defendant's Request for Permission to File a Motion for Reconsideration of the Partial Summary Judgment Order Pursuant to Local Rule 7.1(h) (Doc. No. 106). Local Rule 7.1(h) states: "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(h). Having fully considered the submissions of the parties and arguments of counsel, the Court concludes that Defendant has failed to demonstrate compelling circumstances sufficient to justify a motion to reconsider this Court's partial summary judgment order. The Court thus denies Defendant's request and enters judgment for Plaintiffs consistent with its May 10, 2011 Order.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motion to Amend the Complaint to Eliminate Counts I-III & V-XI (Doc. No. [91]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  To the extent Plaintiffs seek to dismiss Counts I, II, III, V, VI, VII, VIII, IX, X and XI of the Complaint, the motion is **GRANTED**;

    b.  Counts I, II, III, V, VI, VII, VIII, IX, X and XI of the Complaint are **DISMISSED WITHOUT PREJUDICE**; and

    c.  To the extent Plaintiffs seek to make any other changes to the Complaint (i.e. by amending their factual allegations), the motion is **DENIED**.

2.  Defendant's Request for Permission to File a Motion for Reconsideration of the Partial Summary Judgment Order Pursuant to Local Rule 7.1(h) (Doc. No. [106]) is **DENIED**.

3.  Plaintiffs are entitled to judgment against Defendant as to Count IV of the Complaint (Civil Conversion), as ordered by the Court on May 10, 2011, as follows:

    a.  Plaintiffs are entitled to judgment against Defendant in the amount of $389,270 for conversion of Mr. Auch's capital contributions;

    b.  Plaintiffs are entitled to prejudgment interest at a rate of six (6) percent per year from the date of conversion until the entry of judgment (an amount that equaled $66,068.95 on May 10, 2011, the date this Court issued its partial summary judgment order); and

    c.  Pursuant to 28 U.S.C. § 1961, post-judgment interest shall accrue beginning on the date of entry of judgment in this action.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 21, 2011            s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge